# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50272 | **DATE** | 10/18/2002 |
| **CASE TITLE** | Climco Coils Co. vs. Honeywell, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion for summary judgment is granted. Defendant is found liable on the purchase orders. The parties are ordered to file a stipulation as to the amount of plaintiff's damages by November 6, 2002. If the parties are unable to so stipulate, counsel shall appear at a status hearing at 9:00 a.m. on November 6, 2002.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | OCT 21 2002 date docketed | 33 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials 10-21-02 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Climco Coils Co. ("Climco"), has filed a single count complaint against defendant Honeywell, Inc. ("Honeywell") for breach of contract. As Climco is incorporated with its principal place of business in Illinois, Honeywell is a Delaware corporation with its principal place of business in Minnesota, and the amount in controversy exceeds $75,000, jurisdiction is proper under 28 U.S.C. § 1332. Venue is proper based on 28 U.S.C. § 1391. Before the court is Climco's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

On June 13, 1997, Honeywell sent Climco two purchase orders for a total of 20,000 units of a certain type of igniter (the first being for 3000 units and the second for 17,000). Then on March 1, 2000, Honeywell sent Climco another purchase order for 7,500 units of the same igniter. Of the 27,500 total igniters ordered, however, Honeywell released for production from Climco only 14,275. By the summer of 2000, Climco's president determined Honeywell either considered the igniter program terminated or the igniter obsolete. At a minimum, it is apparent Honeywell has no intention of releasing the remaining units. Climco has now sued Honeywell for the damages associated with the "termination inventory" – the inventory Climco purchased in anticipation of producing the remaining, unreleased 13,225 igniters.

Honeywell's only defense to Climco's motion for summary judgment is to argue the purchase orders are not enforceable contracts. It first points out that each purchase order states it is only for an "estimated" number of igniters. For example, the first purchase order states, "This is an estimated volume of 3000 units . . . ." From this, Honeywell argues it understood the purchase orders to be "estimations of price rather than enforceable contracts." This borders on the frivolous. To begin with, what Honeywell understood the purchase orders to mean is irrelevant because, under Minnesota law,[1] the court must look to the parties' objective conduct to determine whether a contract exists, not their subjective intent. See Powell v. MVE Holdings, Inc., 626 N.W.2d 451, 460 (Minn. App. Ct. 2001) (citing Cederstrand v. Lutheran Bhd., 117 N.W. 213, 221 (Minn. 1962)). More importantly, Honeywell's interpretation of the purchase orders – that they were merely meant to "establish pricing for future purchases" – is completely unreasonable in the face of the plain language on those orders. It is worth noting that Honeywell itself drafted the purchase orders on its *own* purchase order forms. And each order clearly indicates, "This is a *blanket order* for . . . the R799 7 ignitors." Moreover, on the back of each order is a set of terms and conditions, the first of which reads as follows: "This purchase order is an offer to purchase goods and/or services as set forth on the face hereof. Any of the following acts by seller shall constitute acceptance of this order: . . . commencement of performance . . . ." It is undisputed Climco commenced performance by purchasing the materials necessary for producing the igniters, thereby accepting Honeywell's offer. For Honeywell to now argue these three purchase orders for some 27,000 units were essentially nothing more than price quote requests – i.e., to tell Climco how much Honeywell would be willing to pay for units it supposedly was not in fact ordering but might sometime in the future purchase – requires an extremely tortured and unreasonable reading of the purchase orders. To the contrary, the only reasonable reading of the "estimated" language in these orders is that Honeywell was simply estimating how many units it was actually ordering from Climco, not that it was using the orders to "provide forecasts to assist Honeywell in determining pricing for future purchases."

Changing gears somewhat, Honeywell also argues that the first purchase order specifically requested Climco to prepare for the release of only 600 units. Thus, according to Honeywell, these 600 units were "the only units Honeywell contracted with Climco to release on the[] three purchase orders." This too is absurd. It is undisputed Honeywell ended up releasing some 14,000 units. (Honeywell does deny a paragraph in Climco's statement of material facts to this effect but, because it does not cite anything in the record to support its denial, Climco's paragraph is deemed admitted.) This fact alone makes it obvious Honeywell contracted for more than merely the first 600 units.

The court thus finds the purchase orders represent valid, enforceable contracts between the parties for a total of 27,500 units. Because it is undisputed Honeywell chose to terminate these contracts without cause, Climco is entitled to all the damages provided for in paragraph 20(a) under the terms and conditions of the purchase orders. The parties are to make a good faith effort at compromising to stipulate to the amount of Climco's damages.

For the reasons stated above, Climco's motion for summary judgment is granted.

---

[1] According to a choice of law provision in the purchase orders, Minnesota law governs this dispute. Honeywell itself (perhaps somewhat ironically, since it denies that the purchase orders are valid contracts in the first place), seems to assume this as well, or at least does not dispute it, as it cites only one Minnesota case in the substantive analysis portion of its brief. Because the parties have done so, the court too assumes Minnesota law is applicable. See Checkers Eight Ltd. P'Ship v. Hawkins, 241 F.3d 558, 561 (7th Cir. 2001).